# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA PASQUALINO, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | |
| : | NO. 15-0077 |
| STATE FARM MUTUAL AUTOMOBILE : | |
| INSURANCE COMPANY, : | |
| : | |
| Defendant. : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                   May 28, 2015

Currently pending before the Court is the Motion by Defendant State Farm Mutual Automobile Insurance Company ("Defendant") to Dismiss Count Two of Plaintiff Anna Pasqualino ("Plaintiff")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is granted without prejudice.

## I. FACTUAL BACKGROUND

Plaintiff is an adult individual who resides in Philadelphia, Pennsylvania. (Compl. ¶ 1.) Defendant is an Illinois corporation licensed to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania. (Id. ¶ 2.) On December 12, 2012, and for some time prior, Plaintiff was insured with Defendant under Policy 182-8883-D12-38 and was provided with uninsured motorist coverage pursuant to that policy. (Id. ¶ 4.)

On December 12, 2012, Plaintiff was involved in a motor vehicle collision with an uninsured motor vehicle in Philadelphia, Pennsylvania. (Id. ¶ 5.) The sole cause of the collision was the negligence of the uninsured motorist. (Id. ¶ 6.) As a result of the collision, Plaintiff

suffered serious and permanent injuries, including acute traumatic sprain and strain involving the cervical spine, thoracic spine, and lumbosacral region of the spine; clinical aggravation of underlying rheumatoid arthritis; and clinical aggravation of preexisting cervical and lumbar disc pathology. (Id.)

On or about January 8, 2014, as part of Plaintiff's request for the policy limits of her uninsured motorist coverage, Plaintiff's counsel submitted to Defendant's adjuster both her medical records and her demand for a settlement of her uninsured motorist claim. (Id. ¶ 7.) On April 10, 2014, Plaintiff submitted a Statement Under Oath in compliance with Defendant's request. (Id. ¶ 8.) On September 26, 2014, as a result of ongoing treatment, Plaintiff's counsel supplemented her demand to Defendant's adjuster by providing additional medical records. (Id. ¶ 9.) Defendant refused to offer Plaintiff more than $12,000.00 to resolve the claim. (Id. ¶ 10.)

Count One of Plaintiff's claim is for breach of contract, in which she alleges that Defendant failed to objectively and fairly evaluate her claim, promptly offer payment of the reasonable and fair value of the claim to her, and reasonably investigate her claim "inasmuch as a thorough and proper inquiry would reveal" the injuries she suffered and as described in Paragraph 6 of the Complaint. (Id. ¶¶ 13–15.) As a result of those injuries, Plaintiff suffered and continues to suffer pain and inconvenience, has been and is apt to be prevented from attending her usual duties and occupation, has incurred and may incur in the future medical expenses in the treatment of her injuries, and has been unable to relieve the pain in her spine, in spite of receiving injections as part of her treatment. (Id. ¶ 15.)

In Count Two, Plaintiff alleges that Defendant's handling of Plaintiff's uninsured motorist claim constitutes bad faith as defined by Pa. C.S. § 8371, because Defendant:

    a. Failed objectively and fairly to evaluate Plaintiff's claim;

> b. Failed to adopt or implement reasonable standards in evaluating Plaintiff's claim;
> c. Acted unreasonably and unfairly in response to Plaintiff's claim;
> d. Did not attempt in good faith to effectuate a fair, prompt, and equitable settlement of Plaintiff's claim in which Defendant's liability under the policy had become [sic];
> e. Subordinated the interest of its insured to its own financial interests;
> f. Failed reasonably and adequately to evaluate or review the medical documentation in Defendant's possession;
> g. Failed reasonably and adequately to evaluate or review the medical documentation in Defendant's possession [sic];
> h. Violated the fiduciary duty owed to Plaintiff;
> i. Failed to make an honest, intelligent, and objective settlement offer;
> j. Caused Plaintiff to expend money on the presentation of her claim; and
> k. Caused the Plaintiff to bear the stress and anxiety associated with litigation.

(Id. ¶¶ 18a–k.) For those reasons, Plaintiff alleges that Defendant violated the policy of insurance, failed to act towards Plaintiff in good faith, and violated 42 Pa. C.S. § 8371. (Id. ¶ 19.)

Plaintiff filed a Complaint in this case on January 8, 2015. Defendant filed a Motion to Dismiss Count Two of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 27, 2015. Plaintiff responded on April 10, 2015. The Motion to Dismiss is now ripe for judicial consideration.

## II.  STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not

4

contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

**III. DISCUSSION**

Defendant moves to dismiss Count Two of Plaintiff's Complaint, which asserts a claim for bad faith. To establish bad faith under 42 Pa. C.S. § 8371, a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F. 3d 230, 233 (3d Cir. 1997); Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1999). In the insurance context, bad faith denotes a "frivolous or unfounded" refusal to pay policy proceeds, which imports a dishonest purpose and a breach of a known duty, such as good faith and fair dealing. Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994) (quotations omitted). While mere negligence or bad judgment are insufficient, a showing of reckless disregard will suffice to establish bad faith. 3039 B Street Assoc. Inc. v. Lexington Ins. Co., 740 F. Supp. 2d 671, 677 (E.D. Pa. 2010), aff'd, 444 F. App'x 610 (3d Cir. 2011).

Repeatedly, courts have dismissed bad faith claims under Federal Rule of Civil Procedure 12(b)(6) where the complaint set forth "bare-bones" conclusory allegations that did not provide a factual basis for an award of bad faith damages. Quite recently, in Mozzo v. Progressive Insurance Company, No. Civ.A.14-5752, 2015 WL 56740 (E.D. Pa. Jan. 15, 2015), this Court confronted an identical motion. In support of his bad faith claim, the plaintiff alleged only that: (1) he complied with all relevant requests attributable to the investigation of this claim and

requests that his claim be covered; (2) the defendant arbitrarily and capriciously failed to honor its contractual obligations; (3) as a result of the defendant's failure to honor its obligations, the plaintiff incurred and continued to incur damages; and (4) the defendant acted in bad faith in failing to honor the plaintiff's claim. Id. at *3. This Court found that "[n]othing in the complaint sets forth any facts regarding Defendant's actions, let alone actions from which the Court can infer a bad faith claim." Id. Accordingly, the Court dismissed the bad faith claim without prejudice.

In the Third Circuit decision of Smith v. State Farm Mutual Automobile Insurance Co., 506 F. App'x 133 (3d Cir. 2012), the complaint consisted of "conclusory statements unsupported by facts" that the defendant insurer "breach[ed] covenants of good faith and fair dealing," and "engag[ed] in unfair settlement negotiations." Id. at 136. There were no details describing what was unfair about the negotiations. Id. In similar fashion, the plaintiff simply asserted that the defendant "intentionally misrepresent[ed] coverage in the policy," and "misrepresent[ed] facts and its evaluation of Plaintiff's claim," without explaining what those misrepresentations may have been. Id. The Third Circuit noted that the "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." Id. at 137. In turn, it determined that the complaint, on its face, failed to allege a legally sufficient cause of action for bad faith under 42 Pa. C.S. § 8371, and affirmed the dismissal under Federal Rule of Civil Procedure 12(b)(6). Id.

Likewise, in Robbins v. Metro. Life Insurance Company of Connecticut, No. Civ.A.08-0191, 2008 WL 5412087 (E.D. Pa. Dec. 29, 2008), the plaintiff alleged that the defendant insurance company "fail[ed] to objectively and fairly evaluate Plaintiff's claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compell[ed] litigation;

conduct[ed] an unreasonable investigation of Plaintiff's claims; and unreasonably withh[eld] policy benefits." Id. at *8. The district court granted the defendant's motion for judgment on the pleadings on the plaintiff's bad faith claim because the plaintiff "failed to provide sufficient facts to support these allegations or, more importantly, to suggest that Defendant lacked a reasonable basis for the denial of the benefits." Id.

Similarly, in Atiyeh v. National Fire Insurance Company of Hartford, 742 F. Supp. 2d 591 (E.D. Pa. 2010), the plaintiff averred that defendant "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis." Id. at 599. The court found that these averments were "merely conclusory legal statements and not factual averments." Id. Noting that it need not credit bare legal conclusions and that plaintiff had not "demonstrated, by pleading basic facts, the elements of a claim for bad faith," the court granted the defendant's motion to dismiss that claim. Id. at 600.

Finally, in Eley v. State Farm Insurance Co., No. Civ.A.10-5564, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011), the plaintiffs' bad faith allegations asserted that defendant failed to negotiate the plaintiffs' UIM claim in good faith, failed to properly investigate and evaluate the plaintiffs' insurance claim, and knew or recklessly disregarded the fact that it had no reasonable basis for its conduct in handling the plaintiffs' claim. Id. at *4. The court found that these "bare-bones" allegations were as devoid of factual specificity as those presented in Robbins and Atiyeh. Indeed, accepting all of the plaintiffs' well-pled facts as true, the court could only conclude that

(a) the plaintiffs' insurance policy with the defendant provided UIM coverage; (b) the plaintiffs suffered injury and/or loss of consortium as a result of one of the plaintiff's collision with a negligent underinsured motorist; (c) the plaintiffs complied with the terms of the insurance policy in seeking coverage, and (d) the defendant declined to settle the plaintiffs' claim. Id. at *4. Such allegations supported only a breach of contract claim, and the remaining averments were nothing more than threadbare recitals of the elements of a bad faith cause of action insufficient to support a claim for bad faith. Id. at *4.

Like the allegations in Robbins, Atiyeh, and Eley, Plaintiff's allegations are insufficient to allow her bad faith claim to survive a motion to dismiss. As stated above, Plaintiff alleges that Defendant's handling of Plaintiff's uninsured motorist claim constitutes bad faith because Defendant:

    a. Failed objectively and fairly to evaluate Plaintiff's claim;
    b. Failed to adopt or implement reasonable standards in evaluating Plaintiff's claim;
    c. Acted unreasonably and unfairly in response to Plaintiff's claim;
    d. Did not attempt in good faith to effectuate a fair, prompt, and equitable settlement of Plaintiff's claim in which Defendant's liability under the policy had become [sic];
    e. Subordinated the interest of its insured to its own financial interests;
    f. Failed reasonably and adequately to evaluate or review the medical documentation in Defendant's possession;
    g. Failed reasonably and adequately to evaluate or review the medical documentation in Defendant's possession [sic];
    h. Violated the fiduciary duty owed to Plaintiff;
    i. Failed to make an honest, intelligent, and objective settlement offer;
    j. Caused Plaintiff to expend money on the presentation of her claim; and
    k. Caused the Plaintiff to bear the stress and anxiety associated with litigation.

(Id. ¶¶ 18a–k.)

As Defendant points out, Plaintiff's factual averments are that (1) Plaintiff is insured by Defendant for uninsured motorist coverage; (2) she was involved in a motor vehicle accident; (3) she submitted her medical records to Defendant and gave a Statement Under Oath; (4) she made a demand for payment of the underinsured motorist limits; and (5) she did not agree with Defendant's valuation of the claim and offer to settle. (Def.'s Mem. Supp. Mot. Dismiss 5.) Essentially, Plaintiff's cursory allegations assert that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference[1] that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F. 3d 230, 233 (3d Cir. 1997). While such assertions perhaps suggest that a bad faith claim is *possible*, they do not allow for any non-speculative inference that a finding of bad faith is *plausible*. The Rule 12(b)(6) standards, as interpreted by Twombly and Iqbal, require more. Accordingly, the Court grants Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint.

## IV.  CONCLUSION

The United States Court of Appeals for the Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Dismissal without leave to amend is justified only on grounds of

---

[1] Plaintiff argues that "[l]ooking at the facts in the light most favorable to the plaintiff, the Court may reasonably infer that a settlement offer of merely $12,000.00 is not a good faith attempt to resolve this specific matter" and that "Plaintiff intends to pursue discovery to show that the settlement offer and negotiations in this case failed to comply with the standard operating procedures of Defendant." (Pl.'s Resp. Opp. Mot. Dismiss 4.)  Plaintiff's argument calls for this Court to speculate as to whether Defendant's settlement offer constituted bad faith. As stated above, however, Plaintiff's allegations do not permit the Court to make non-speculative inferences on that issue.

bad faith, undue delay, prejudice, and futility.  Id. at 236.  This opportunity to amend must be offered, even if the plaintiff does not specifically make such a request.  Id. at 235.

Plaintiff requests that, if Defendant's Motion is granted, she be granted leave to amend her complaint.  Defendant did not submit a reply brief, and thus has not set forth any contentions of bad faith, undue delay, prejudice, or futility, nor can the Court find that any of these grounds for denying leave exist.  Accordingly, the Court will grant Plaintiff twenty days in which to file an amended complaint properly setting forth a factual basis for her bad faith claim against Defendant.  Plaintiff's failure or inability to do so will, upon proper motion by Defendant, result in dismissal of any deficient claims with prejudice.

An appropriate Order follows.